## COUNTY OF LINCOLN.

### LINSCOTT *versus* TRASK.

Possession of personal property is *prima facie* evidence of title.

Upon proof of such possession, if uncontrolled by other evidence, a suit at law for the property against one who takes it away, may be maintained.

But possession may be shown to be of a subordinate and qualified character, insufficient for the support of such a suit.

Where instruction to the jury assumes a fact to have been granted or proved, which was an issuable fact and in dispute upon the evidence, and material to a right decision of the question before the jury, exceptions are sustainable.

ON EXCEPTIONS from the *District Court*, RICE, J.

ASSUMPSIT.

The plaintiff was the wife of John Linscott. He died. The defendant is the executor of his will. While he and the heirs were at the mansion house one day, soon after the death, the plaintiff delivered to him $100 in gold. He afterwards claimed that it belonged to the estate, and she brought this action to recover it back. A witness for the plaintiff testified that the defendant said that he received the money of her, and carried it into the room where the heirs were, and said "here is a hundred dollars which your mother-in-law has given to me, which she claims as her own."

A witness for the defendant testified that the plaintiff and defendant came together into the room where the heirs were, bringing the money with them, when she said she would entrust it with the defendant and "abide by the will of the Judge of Probate to decide who should have it;" and that the "heirs" agreed to it.

Much testimony was introduced by the defendant, from which he urged that the jury should infer that the money belonged, not to the plaintiff, but to the estate.

On this evidence, the counsel in the defence contended, as the law of the case, *that* it was incumbent on the plaintiff to prove affirmatively that the money was her own property,

separate from, and irrespective of her husband; *that* on this point, as the money was found in the house of the husband, occupied by himself, wife and some of the heirs, she had not such exclusive possession as would lay the burthen of proof on the defendant; *that* the presumption of law is, that the money belonged to the estate of the husband at the time.

But the Judge held otherwise, and instructed the jury that the plaintiff's possession of the money, claiming it as her own, was *prima facie* evidence of property in herself; and if not repelled and overcome by the other evidence in the case, entitled her to recover; *that* having received the money from the widow to keep for her, she was entitled to recover, unless the defendant could show, the burthen of proof being on him, that it was not her property, but belonged to the estate of John Linscott.

The verdict was for the plaintiff, and the defendant excepted.

Other points of defence were taken, upon which evidence was offered. But neither that evidence nor the ruling upon it need to be stated.

*Lowell*, for the defendant.

*Ruggles*, for the plaintiff.

The instruction was correct. The evidence all shows that the defendant received the money from the hands of the plaintiff, and the Judge only instructed that that possession was *prima facie* evidence, and that it was liable to be overcome by other proof. The jury have found that there was no other evidence sufficient to do so. Every thing was rightfully submitted to the jury, and they have passed upon it, and given a verdict according to the justice of the case.

APPLETON, J.—No principle is more fully settled by the uniform weight of authority, than that possession is *prima facie* evidence of title, and that upon proof of that fact, the party proving it is entitled to vindicate any violation of his rights thus established. Possession indeed may be considered the primitive proof of title and the natural foundation of

right. But while this is conceded, such possession may be so qualified, that it shall be insufficient to sustain a claim or a defence. Though mere possession may be enough to entitle a plaintiff, whose rights have been infringed, to remuneration, yet if it appear, that his possession was merely that of servant, this qualification may defeat his right to recover, such possession being deemed that of the master. So if the possession is shown to be that of a wife, an administrator or trustee, the proof of such fact may negative the presumption of personal right arising from mere possession, and thus affect and control the general principle and its application.

The plaintiff in this case was the widow of John Linscott, and shortly after his decease placed in the hands of the defendant, who was his executor, one hundred dollars. Whether the money was her own, or belonged to the estate of her late husband, and whether she ' deposited the money in her own right and to be returned to her, and the defendant so received it, or whether the defendant received it as money of which the title was in doubt, to be returned to the plaintiff, if her claim should be made out, otherwise to be administered upon in the due course of law, were all matters in dispute.

That the plaintiff had been in possession of the money was not denied. The question was as to what was the nature and character of that possession. So it was conceded, that the defendant had received this sum from the plaintiff. The circumstances under and the purposes for which the money was given and received were in contestation. If there was nothing to qualify the fact of possession, the plaintiff's right to recover could not be questioned. If the delivery of the money was merely a deposit, the plaintiff's right of action would at once arise on demand. If on the other hand the widow held the money, wrongfully or improperly withdrawn from the assets of her deceased husband, she could not maintain her suit against the administrator rightfully administering upon it. Or if the money was left with the administrator to await the legal result of any tribunal having jurisdiction, or on any other special terms, the plaintiff must abide the conditions upon which the deposit was made.

The presiding Judge instructed the jury, "that the plaintiff's possession of the money, claiming it as her own, was *prima facie* evidence of property in herself, and if not repelled and overcome by the other evidence in the case, would entitle her to recover, and that having received the money from the widow to keep for her, she was entitled to recover unless the defendant could show, (the burden of proof being on him,) that it was not her property, but belonged to the estate of John Linscott." Whether "the plaintiff had possession of the money claiming it as her own," and whether, if she had, the defendant "received the money from the widow to keep for her," were both issuable facts, upon which a jury were bound to weigh and compare the evidence, and thence to determine the rights of the parties. The instructions given assumed both these facts as proved by the plaintiff; and if they had been proved or admitted to have been proved, the law was unquestionably correct. The error is, that they were the points especially disputed by the parties, and therefore the jury should have been left to pass upon them. The nature and character of the plaintiff's possession, the circumstances under and the purposes for which the defendant received the money, should have been submitted to the jury with alternative instructions corresponding to the different aspects of the case. The case of *Williams* v. *Plumridge*, 30 E. C. L. 488, is strongly in point.

*Exceptions sustained and new trial granted.*

SHEPLEY, C. J., and TENNEY and HOWARD, J. J., concurred.