## SIMMONS vs. KNIGHT.

35 105
125 234

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *When assignee may have decree in his own name for distributive share.*—A purchaser at execution sale of a distributee's interest in the real estate, which is afterwards sold under the order of the probate court for distribution, cannot, on the final settlement of the estate in the probate court, have a decree in his own name for the interest so purchased by him.

APPEAL from the Probate Court of Lowndes.

8

In the matter of the final settlement and distribution of the estate of Mrs. Lavinia Adams, deceased, by A. M. Simmons, her administrator. C. W. Knight applied to the court by petition, stating that, in February, 1856, he had purchased at execution sale the entire interest of three of the heirs-at-law and distributees in the real estate, which had been afterwards sold, under an order of the probate court for division; and praying a decree in his favor for their interests in the proceeds. On the final settlement, the court rendered a decree in favor of each distributee for his distributive share of the personal assets in the hands of the administrator, and, in the division of the proceeds of the sale of the lands, rendered a decree in favor of Knight for the aggregate amount of the interests of the three distributees which had been sold under execution. This decree, to which no exception was reserved, is now assigned as error by the administrator.

Geo. S. Cox, for appellant.

Baine & NeSmith, contra.

R. W. WALKER, J.—In Graham v. Abercrombie, 8 Ala. 552, it was held, that the assignee of an integral share of an estate is entitled, on the final settlement of the administrator in the orphans' court, to a decree in his own name for the distributive share assigned to him. This decision appears to have been approved in the subsequent case of Petty v. Wafford, 11 Ala. 143. In Smith & Lovelass v. Hall, 20 Ala. 777, the subject was carefully reviewed; and the majority of the court, while expressing a willingness to abide by the previous decisions just referred to, refused to extend them to a case in which the assignment was of anything less than an entire distributive interest. We consider this last case decisive of the one before us. Here, the decrees are rendered in the names of the heirs, for their distributive shares of the personalty; while for the distributive shares of three of the heirs in the proceeds of the real estate, sold by the administrator under an order of court, the decree is in favor of a third person, who, it appears, had (before the

sale by the administrator) purchased at execution sale their interests in the land.   We understand the case of Smith & Lovelass v. Hall, *supra*, expressly to condemn such a proceeding, and to deny the power of the probate court to render a decree in favor of an assignee, unless the assignment is of the entire interest of the distributee in the estate.   Of the propriety of that decision we do not entertain a doubt.   The claim of the appellee, to a distributive share of the proceeds of the land, can readily be asserted in another court, which, being invested with a larger jurisdiction and more extensive powers, is competent to afford him all the protection to which he may be justly entitled.

Decree reversed, and cause remanded.