# Lawrence *v.* The State.

### *Retailing without License.*

1. *A name not idem sonans will sustain a plea in abatement.*—The name of Zachary is not *idem sonans* with that of Zachariah, and the difference is so material, that it will sustain a plea in abatement by a person of the former name indicted under the latter.

2. *A plea in abatement can be filed when defendant appears first.*—A plea in abatement in a criminal case is interposed in time, if it should be filed at the first term at which the defendant appears.

3. *Oyer of an indictment need not be craved.*—It is not necessary to crave oyer of an indictment before pleading in abatement to it. It must necessarily be read to the defendant, or a copy served on him without his praying · oyer of it.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. WILLIAM L. WHITLOCK.

At the spring term, 1877, of the Circuit Court of Cherokee county, the defendant was indicted under the name of " Zachariah Lawrence, for engaging in, or carrying on, the business of a wholesale dealer in spirituous liquors, without first having paid for and taken out a license therefor." At the next term of the Circuit Court, the defendant filed the following plea in abatement:

" *The State v. Zachariah Lawrence.* Zachary Taylor Lawrence, indicted by the name of Zachariah Lawrence, in his own proper person cometh into court here, and having heard said indictment read, saith that his name is, and always hath been from his nativity, Zachary Taylor Lawrence, and by that name he hath always been called and known. Without this, that he, the said Zachary Taylor Lawrence, now is, or at any time hitherto hath been, called or known by the name of Zachariah Lawrence, as by said indictment is supposed, and this he, the said Zachary Taylor Lawrence, is ready to verify. Wherefore, he prays judgment of the said indictdictment, and that the same may be quashed."

The plea was duly sworn to and subscribed by the defendant. " Thereupon, the State, by her solicitor, moved the court to strike out the said plea from the file, on the ground that the plea was not filed in time, and did not *crave oyer* of the bill of indictment, and that Zachary Lawrence and Zachariah Taylor Lawrence were *idem sonans.*" The court sustained the motion, and ordered said plea to be stricken from.

the files. To this ruling and action of the court, the defendant excepted.

As this question was the only one decided by the court, it is unnecessary to set out all the facts of the case.

SAYRE & GRAVES, for appellant.—1. The indictment is entirely defective. The first count does not conclude, against the peace and dignity of the State of Alabama.—Rev. Code, § 4844.

2. No place where the business was carried on is alleged in either count, and this is essential.—Acts of 1875, p. 80, § 7, subd. 3; *Hafter v. The State*, 51 Ala. 37.

3. A conviction or acquittal could not, under this indictment, be set up as a defence to another indictment.

4. The indictment does not show in either count that appellant engaged in the business, &c. In the first, it confines the business to one-half gallon; in the second, to half a quart.

.5 The plea in abatement ought not to have been struck out.—*Diggs v. The State*, 49 Ala. 318. Zachariah and Zachary are two distinct names.—Webster's Dic.; *Humphrey v. Whitten*, 17 Ala. 30.

6. The oath set out in the judgment entry is insufficient. *Herron v. The State*, 53 Ala. 486. The jury are not sworn to do any thing.—Code, § 4765.

JOHN W. A. SANFORD, Attorney-General, *contra.*—1. The demurrer to the indictment appears only in the bill of exceptions, and therefore will not be considered by this court. *Pounds v. Hamner*, Head-notes, Dec. 1876, p. 80. But the demurrer was properly disallowed. The constitution of the State does not require each count of an indictment to conclude with the words, "against the peace and dignity of the State of Alabama." It is sufficient, if the indictment so concludes.—Const. art. vii, § 28; Rev. Code, § 411; *Mc-Guire v. State*, 37 Ala. 161.

2. To engage in or carry on the business of a wholesale liquor dealer, without obtaining a license, is a misdemeanor. Acts 1875–6, p. 79, § 6, and p. 80, par. 3, § 7.

3. The indictment charged the accused with having engaged in the business of a wholesale liquor dealer in a place of less than one thousand inhabitants, in Cherokee county, but the name of the place was unknown to the grand jurors. This takes the case out of the influence of the opinion of *Hafter's* case, in 51 Alabama, 37, and of *Harris'* case, in 50 Alabama, 127.

[Lawrence v. The State.]

4. The record does not purport to set out the oath administered to the jury. It says the jurors were sworn "as the law directs." This is equivalent to the phrase "according to law," and is a compliance with the requirements of the Code. *Moore's* case, 52 Ala. 424–6. Moreover, no objection was made at the time to the mode in which the jury was sworn; and where the record states the jury was sworn, without setting out the oath, this court will presume the statutory oath was administered.—*DeBardelaben's* case, 50 Ala. 179–80, and authorities cited; *Smith's* case, 53 Ala. 486.

5. The charge asked by the accused was properly refused. It made the guilt of the accused to depend on the fact it was his purpose to derive a profit from the sale of the liquor alone. He might have sold the liquor for the purpose of attracting customers for the purchase of other articles of merchandise. If it was a part of his business, whether he hoped to derive a profit or not, he should have taken out a license.—*Weil v. State,* 52 Ala. 19, 21–2.

MANNING, J.—Zachary Taylor Lawrence, having been indicted by the name of Zachariah Lawrence, at the spring term, 1877, of the Circuit Court of Cherokee county, for selling spirituous liquors without a license, was in July afterwards, arrested—and gave bail to appear at the next term thereafter of the court, to answer the charge. He accordingly then appeared and pleaded in abatement the misnomer. Whereupon, the solicitor moved to take the plea from the file, because, as was alleged it was not filed in time, did not crave oyer of the indictment, and did not contain sufficient substance, the two names Zachariah and Zachary being *idem sonans;* and the court ordered the plea to be taken from the file.

If this was done because the plea was not filed during the term at which the indictment was found, the court erred in making the order. Until the party had been informed of the indictment, he could not plead to it. The second term of the court was the appearance term in this instance; and it was sufficient if the plea was then duly interposed.

In *Russell v. The State* (33 Ala. 371), commenting on a section of the Code which required the objection, that a grand jury "were not drawn in the presence of the officers, or a majority of them designated by law," to be made at the term at which the indictment was found—this court said, in respect to such an objection by a defendant who was then in jail in another county and was not brought to the court: "We will

[Snider v. The State.]

not construe the statute as prohibiting peremptorily and abso-- lutely, the making of the objection at a subsequent term. In giving it such a construction, we should, by a blind adherence to the letter, allow it an operation in derogation of common right, and revolting to the sense of justice; we should make the failure to plead, at a time when the accused was uninformed of the prosecution, or kept away by impris-- onment, a waiver of the right to plead." The plea of mis-nomer in this cause should not have been excluded for the reason that it was not filed until defendant's appearance term.

*Oyer* is demandable of an instrument on which an action is founded and of which *profert* should be made, but which is not set out in full in the pleading. An indictment is read. of course, to the defendant, or he is furnished with a view or copy of it—as a part of the prosecution against him; and *oyer* of an indictment is not needed to enable him to plead that his name is not correctly set forth in it.

The plea in abatement was certainly not deficient in sub-stance. The names, *Zachariah and Zachary*, are not so alike in sound, that it can be said there is not any material differ-ence between them. They are in fact different names; more so than Humphrey and Humphreys, in respect to which this court has held that a plea in abatement of misnomer by a person of the former name, was good in a suit brought against him by the latter.

The circuit judge erred in ordering the plea in abatement to be taken from the file. And as the indictment will proba-bly be quashed, in the court below, it is unnecessary to decide the other questions presented for our consideration.

Let the judgment of the Circuit Court be reversed, and the cause be remanded.