# Hewlett *r.* The State.

*Prosecution for Assault and Battery.*

1. *Plea in abatement; sufficiency of proof of defendant's name.*—A
complaint charged that "A. E. Hewlett assaulted another per-
son." The defendant pleaded "in abatement that his name
was Augustin Elzy Hewlett or Gus Hewlett, and that he has
always been known or called by his name Augustin or Gus,
and that is name is not A. E. Hewlett as charged in said
complaint." The State took issue on this plea. The evidence
showed that Augustin Elzy Hewlett was the defendant's
name; that he was sometimes called "Augustin," but generally
called "Gus," and that he was never known or called by the
name of "A. E." *Held*: That the plea of the defendant was
proved, and upon such issue it was error for the court to in-
struct the jury that if they believed from the evidence that
the defendant was known by the name of "A. E. Hewlett as
much as Gus Hewlett" then the verdict must be for the State.

APPEAL from the County Court of Cullman.

Tried before the Hon. S. L. FULLER.

The facts of the case are sufficiently stated in the
opinion.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—The complaint on which the ap-
pellant was tried in the county court charged in effect
that A. E. Hewlett assaulted C. E. Taylor by striking
him with his hand. The defendant pleaded in abate-
ment to said complaint "that his name is Augustin Elzy
Hewlett or Gus Hewlett, and that he has always been
known and called by his name Augustin or Gus, and that
his name is not A. E. Hewlett as charged in said com-
plaint." The State took issue on this plea. Upon the
trial of the issue the evidence was, to our minds, without
conflict in proof of it. It showed that Augustin Elzy

Hewlett was the defendant's name. That he was sometimes called "Augustin," but generally called "Gus," when his title of "Captain" was not used, and that he was never known or called by the *name* of "A. E." Of course those were the initial letters of his given name, and were known to be by every literate person who knew those names, and it was shown that he was sometimes referred to as "A. E. Hewlett;" but there is no ground for saying that anybody ever used the words "A. E." or sounded those letters as his name, but only as the initials of his name. On this state of the case the court erred in refusing the affirmative charge requested by the defendant on this issue, and also giving at the request of the State this charge: "If you believe from the evidence that he is known by A. E. Hewlett as much as Gus Hewlett then your verdict must be for the State."

We do not consider the questions sought to be raised as to the validity of the act providing for jury trials in the Cullman county court.

There was no error in the other rulings of the trial court.

Reversed and remanded.