[White v. The State.]

# White *v.* The State.

*Assault and Battery.*

(Decided February 11, 1913.  61 South. 463.)

1. *Pleading; Abatement; Misnomer.*—Where the complaint charged a defendant as Bertha White, a plea in abatement setting up that her name was not Bertha, and that she was not known and called by that name, but that her name was Bert White, and that she was so known and called, should have been sustained, since the name Bertha is not idem sonans with the name Bert, and the court cannot take judicial notice that Bert is simply an abbreviation of Bertha.

2. *Same; Speaking Demurrer.*—Where the complaint charged defendant as Bertha White, a demurrer setting up that Bert was simply an abbreviation of Bertha, was a speaking demurrer in stating as a fact something not shown by the complaint.

3. *Criminal Law; Allegation of Name of Accused.*—A defendant is entitled to be prosecuted under a name which identifies him in order that the judgment may be available as a defense to a subsequent prosecution, and he may abate a prosecution under a name which does not identify him or which is not his true name.

APPEAL from Pike County Law Court.

Heard before Hon. T. L. BORUM.

Bertha White was convicted of an assault and battery with a weapon, and she appeals. Reversed and remanded.

The plea in abatement set up that defendant is not known and called Bertha White, and that that was not her name, but that she was known and called Bert White, and that was her real name. The grounds of demurrer interposed were that Bertha and Bert were idem sonans, and that Bert was simply an abbreviation of Bertha, and hence, there was no misnomer.

W. E. GRIFFIN, for appellant. Counsel discusses the errors assigned, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State. The court properly sustained the demurrer to plea in abatement.—*Bright v. The State,* 77 Ala. 96. The motion in arrest of judgment came too late.—*Hood v. The State,* 44 Ala. 81; *Sanders v. The State,* 129 Ala. 69. The motion was not based on error apparent of record.—*Durrett v. The State,* 133 Ala. 119; *Thomas v. The State,* 94 Ala. 77. The amendment was properly allowed.—*Simpson v. The State,* 111 Ala. 6; *Wright v. The State,* 136 Ala. 139. The witness was not compelled to answer an incriminating question.—Sec. 6218, Code 1907; Constitution 1901, section 6.

WALKER, P. J.—The defendant was prosecuted under a complaint charging the commission of a criminal offense by Bertha White. She interposed a plea in abatement which alleged that "her name is not 'Bertha White,' neither has she been known or called by that name; but that her name is 'Bert White,' by which name she is known and called." The court was in error in sustaining the demurrer interposed to this plea.

The first ground assigned in the demurrer was a misstatement of fact, as plainly the names "Bertha" and "Bert" do not have the same sound, nor are they so alike in sound that it can be said that there is no material difference between them.—*Merlette v. State,* 100 Ala. 42, 14 South. 562; *Lawrence v. State,* 59 Ala. 61.

As to its second ground, the demurrer is a speaking one in stating as a fact that which is not disclosed by the complaint, and which could not have been judicially known to the court. "The object and purpose of describing the accused by his name is to identify him."— *Washington v. State,* 68 Ala. 85.

[White v. The State.]

The defendant in a criminal case is entitled, if his right in this respect is seasonably asserted, to be prosecuted only under a name which identifies him, so that the judgment rendered in the case, whether one of acquittal or one of conviction, may be readily available to him as a defense to a subsequent prosecution for the same offense. When he is prosecuted under a name which is neither his true name nor one which identifies him, he is entitled to have the prosecution abated upon duly and seasonably pleading and proving the misnomer, and also a name by which he is known or called, thus enabling the prosecution to have "a better writ" by disclosing a name which identifies him.

There is no merit in the suggestion made in the argument of the Attorney General that the record shows that the plea in abatement and the demurrer to it were filed on the day after the trial of the case on the merits. While the indorsements made by the clerk on those two pleadings indicate that each of them was filed on October 10, 1912, yet the minutes of the court for October 9, 1912, show that the defendant had at that time already filed a plea of misnomer, to which the state demurred. It is not doubted that the indorsements of the clerk were mere clerical misprisions as to the dates of filing, the correction of which is furnished by the recitals of the court's minute entry, which plainly show that the demurrer to the defendant's plea of misnomer was sustained by the court before the plea of not guilty was interposed, and the trial on the facts was entered upon.

Reversed and remanded.