# Hinktom *v.* The State.

### *Assault and Battery.*

(Decided December 18, 1913. 64 South. 193.)

*Indictment and Information; Variance; Name of Accused.*—Where the affidavit stated the defendant's name to be "George Hinktom," whose name is otherwise unknown, and the proof showed that defendant's name was "George Haughton" and that the affiant knew that at the time, it constituted a fatal variance entitling defendant to a reversal.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

George Hinktom was convicted of an assault and battery, and he appeals. Reversed and remanded.

RAY & COONER, for appellant. The evidence introduced in support of the affidavit constituted a fatal variance with the allegations of the affidavit, entitling defendant to his discharge.—*Wells v. State,* 88 Ala. 239; *Duvall v. State,* 63 Ala. 12; *Winter v. State,* 90 Ala. 637. The affidavit was sufficient and not subject to misnomer. —*Wellborn v. State,* 154 Ala. 79.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. A plea of misnomer must be taken before arraignment and plea of not guilty.—1 Mayf. 718. To file this plea and then to withdraw it, was but to trifle with the court.—*Miller v. State,* 54 Ala. 155; *Wells v. State,* 88 Ala. 239.

PELHAM, J.—The affidavit charged the defendant with an assault and battery, was sworn out by the assaulted party, one R. B. Stewart, and stated the defendant's name to be "George Hinktom, whose name is to

affiant otherwise unknown." The warrant followed the affidavit, and was issued against George Hinktom. The assaulted party swearing out the information, R. B. Stewart, was examined as a witness for the state, and testified that he knew the defendant's name was "George Haughton" and not "George Hinktom," and that he knew this at the time of making the affidavit. The undisputed proof showed that the defendant's name was George Haughton, and that this fact was known to the affiant at the time he swore to the affidavit stating the defendant's name to be George Hinktom, coupled with the further allegation that the defendant's name was otherwise unknown.

The proper and sufficient designation of a party charged with crime, that there may be the proper record evidence of the identity of the person, is a substantial right guaranteed by the law.—*Axelrod v. State*, 7 Ala. App. 61, 60 South. 959; *White v. State*, 7 Ala. App. 69, 61 South. 463. The rule is clearly declared and well settled that, when the name of the person charged with crime is known, there is no warrant in law for averring the name as unknown, and that when so averred, and the proof shows that it was in fact known, there is a fatal variance, and the information will not, on such evidence, support a conviction.—*Duvall v. State*, 63 Ala. 12; *Wells v. State*, 88 Ala. 239, 7 South. 272; *Winter v. State*, 90 Ala. 637, 8 South. 556; *James v. State*, 115 Ala. 83, 22 South. 565; *Johnson v. State*, 4 Ala. App. 63, 58 South. 754. The evidence presented a clear case of a variance in this particular of a material matter, and the finding of the court, sitting as judge and jury, adjudging the defendant guilty, was unauthorized, and, being properly presented for review, the judgment of conviction must be reversed.

Reversed and remanded.