(79 South. 142)
PLAIN v. CITY OF BIRMINGHAM.
(6 Div. 310.)

(Court of Appeals of Alabama. May 28, 1918. Rehearing Denied June 29, 1918.)

CRIMINAL LAW ☞566 — MISNOMER — EVIDENCE—SUFFICIENCY.

In prosecution under ordinance for using contrivance by which current furnished by a light and power company did not pass through meter, undisputed evidence *held* to sustain defendant's plea of misnomer.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Mrs. Auguster Plain was convicted of aiding or abetting in connecting a wire or other instrument with a wire used by a light and power company for supplying electricity in such a manner as to supply such electricity to a burner, orifice, or lamp where the same could be burned or used without passing through the meter, and appeals. Reversed and rendered.

George E. Bush, of Birmingham, for appellant. M. M. Ullman, Jere C. King, and John S. Stone, all of Birmingham, for appellee.

BROWN, P. J. The complaint on which the appellant was tried charged in effect that:

"Augustus Plain, whose name is otherwise unknown to affiant, with the intent to injure and defraud the Birmingham Railway, Light & Power Company, connected or aided or abetted in connecting a wire or other instrument or contrivance with a wire used by said corporation for the supplying of electricity in such a manner as to supply such electricity to a burner, orifice, or lamp where the same could be burned or used without passing through the meter provided for registering the quantity consumed, against the laws and ordinances of the city of Birmingham."

To this complaint the defendant filed a plea of misnomer as follows:

"Comes the defendant, and, answering said complaint or information, says: That her name is not Mrs. Auguster Plain, nor is she commonly known by such name, but that her name is Annie Plan."

Without raising the question that the defense asserted by this plea has been waived, and without testing its sufficiency or filing appropriate replication thereto, the prosecution joined issue thereon. The undisputed evidence shows that the defendant's name is Annie Plan, and while the witness Wiggins, for the prosecution, testified:

"That he had known the defendant several years, and knew the name she was called by in the community generally; that she was known commonly as 'Augustus Plan,' and also as 'Augustus Plain'; that she was also called 'Auguster Plain,' and 'Annie Plan,' and 'Mrs. Auguste Plan.'"

There is no evidence that the defendant is commonly known by the name of Mrs. Auguster Plain. The evidence further shows without dispute that the husband of the defendant was Auguste Plan, and that the contract with the Birmingham Railway, Light & Power Company for furnishing them electricity was made between the husband and the company. The undisputed evidence sustains the plea of misnomer, and the court erred in rendering judgment against defendant on this plea. Hewlett v. State, 135 Ala. 59, 33 South. 662; White v. State, 7 Ala. App. 69, 61 South. 463; Gerrish v. State, 53 Ala. 476.

The court is further of the opinion, after careful consideration of the evidence in this record, that her undisputed evidence rebuts and meets every inference afforded by the evidence for the prosecution, and that the judgment of conviction under this evidence was erroneous. Judgment will therefore be rendered, discharging the appellant.

Reversed and rendered.