(81 South. 339)

## BIRMINGHAM SOUTHERN R. CO. v. GOODWYN. (6 Div. 873.)

(Supreme Court of Alabama. Feb. 13, 1919.)

1. BAILMENTS ⬤⟞1, 29—DAMAGE TO BAILED CHATTEL—RECOVERY BY BAILEE.

Where a collector was furnished a motorcycle by his employer under agreement to be responsible for damage to it while in possession and to have injury repaired, which the collector did, relation between him and employer in regard to cycle was that of bailee and bailor, and he could sue for recovery from railroad which injured cycle such damages as he actually sustained.

2. TORTS ⬤⟞20—POSSESSION OF CHATTEL BY SERVANT—RIGHT OF ACTION FOR DESTRUCTION OR INJURY.

Possession of a chattel by a servant under the immediate control of the master in contemplation of law is the possession of the master, and does not confer on the servant right of action for destruction of and injury to the property by a wrongdoer.

3. PROPERTY ⬤⟞9 — PRESUMPTION — POSSESSION—TITLE.

The possessor of personal property is prima facie the owner, and the presumption of ownership arising from such possession is not disputable by a trespasser who does not connect himself with the true title.

4. TRESPASS ⬤⟞19(2)—INJURY TO CHATTEL—SUIT BY POSSESSOR AS OWNER.

Where plaintiff relies on mere possession of the chattel in suit against a wrongdoer who injured it, the better practice is for him to sue as owner of the chattel.

5. TRESPASS ⬤⟞40(2)—INJURY TO MOTORCYCLE — COMPLAINT AVERRING POSSESSION — INSUFFICIENCY.

Under Code 1907, c. 48, art. 4, providing that mere possession of a chattel, if without consideration, or wrongful, will give a right of action for any interference therewith, except as against the true owner, or the person wrongfully deprived of possession, complaint against railroad for injury to motorcycle, alleging that plaintiff "had charge and possession" of the motorcycle, held insufficient as against demurrer without averment that railroad was not true owner, bringing case clearly within statute.

6. PLEADING ⬤⟞34(4) — DEMURRER — CONSTRUCTION AGAINST PLEADER.

On demurrer, averments will be construed most strongly against the pleader.

7. APPEAL AND ERROR ⬤⟞1040(10)—HARMLESS ERROR—OVERRULING OF DEMURRER—PROOF.

In suit against railroad for destruction of motorcycle, which the complaint, averred to have been in charge of plaintiff, proof that cycle was not railroad's, but belonged to person who employed plaintiff as a collector, rendered harmless to the railroad the erroneous overruling of its demurrer to the complaint.

8. APPEAL AND ERROR ⬤⟞1095 — REVIEW — INTERMEDIATE APPELLATE COURT — HARMLESS ERROR.

Where opinion of Court of Appeals affords, by its conclusive statement of its findings of fact, adequate basis to apply the doctrine of harmless error, looking to the affirmance of the judgment of the trial court, the Supreme Court, under the authority and duty imposed by Const. § 140, will consider and determine whether the judgment should have been affirmed because the error was without injury.

Anderson, C. J., and Sayre, J., dissenting on other grounds.

Certiorari to Court of Appeals.

Action by A. G. Goodwyn against the Birmingham Southern Railroad Company. From judgment for plaintiff, defendant appealed to the Court of Appeals, which reversed and remanded the cause, and plaintiff petitions for certiorari. Writ granted, order of reversal in the Court of Appeals reversed, and cause remanded to the Court of Appeals for further consideration; such court setting aside and affirming the cause.

See, also, 81 South. 342.

The following is the opinion of the Court of Appeals:

BROWN, P. J. [1] This is an action on a case by appellee against appellant to recover damages for an injury to a motorcycle, alleged to have resulted from the negligence of the defendant's servant or agent in allowing a locomotive to run upon the motorcycle while the plaintiff was attempting to cross defendant's tracks at a public road crossing; the plaintiff having abandoned the motorcycle in extricating his person from the peril of the situation thus produced. There was evidence tending to sustain plaintiff's theory that the defendant's engineer was guilty of negligence after the discovery of the perilous position of the motorcycle on the track, which necessitated a submission to the jury of the issues of negligence vel non. The question presented is whether the plaintiff had such interest in the motorcycle as entitled him to sue and recover damages thus occasioned. It appears without dispute that the motorcycle belonged to one Faulkner, and that the plaintiff was in the employ of Faulkner as a collector; that plaintiff had the motorcycle in his possession, and was using it in connection with his duties, under an agreement with the owner that the plaintiff would be responsible for all damage to it while it was in his possession, and have such injury repaired. The evidence further showed that plaintiff procured repairs to be made on the machine after it was damaged by the defendant, and paid the cost of such repairs, which was shown to be reasonable. These facts do not show or tend to show that Faulkner was under any duty to furnish the motorcycle to the plaintiff as an incident to his employment, but tends to rebut said inference, so we do not think that the plaintiff's custody, under this arrangement, was that of a servant, which would operate to refer the possession to the legal title, but that the relation created was

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that of bailor and bailee, and under all the authorities this character of possession entitled the plaintiff to sue for and recover such damages as he actually sustained. In one of the early cases in this state, it was said: "This is an ancient doctrine of common law: 'Every person who is answerable to another for a personal chattel in his possession has such special property in the chattel as enables him to maintain an action of trespass for the taking or injury thereof by a stranger.' * * * And a recovery by either the bailee or owner would oust the other of his right of action." Hare v. Fuller, 7 Ala. 717. The doctrine there announced has been reaffirmed in many cases since. Cox v. Easley, 11 Ala. 369; Kelly v. McCaw, 29 Ala. 232; Stetson v. Goldsmith, 30 Ala. 606; Cook v. Patterson, 35 Ala. 105; McGill v. Monette, 37 Ala. 49; Miller v. Clay, 57 Ala. 164; Heygood v. State, 59 Ala. 61; A. G. S. v. Jones, 71 Ala. 493; Shahan v. Herzberg, 73 Ala. 64; Wilkinson v. Searcy, 76 Ala. 180; Montgomery Gaslight Co. v. M. & E. R. R. Co., 86 Ala. 382, 5 South. 735; Crescent News Hotel Co. v. Hines, 7 Ala. App. 609, 61 South. 9.

There is another phase of the question, however, that is more difficult. The complaint does not disclose the relation of the plaintiff to the motorcycle shown by the evidence, but merely avers that it was in his "charge or possession," and the demurrer questions the sufficiency of this averment as showing plaintiff's right to maintain an action for injury to or destruction of the motorcycle. The sufficiency of the averment is rested upon the provisions of section 2462 of the Code: "Mere possession of a chattel, if without title, or wrongfully, will give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession." This section is found in article 4, chapter 48, of the Code, and by reference to the original manuscript, as prepared and submitted by the Code Commissioners, embraced sections 1879 to 1884, inclusive, these numbers having been changed in the rearrangement by the Code Committee, omitting from this article section 1881 as it appeared in the original manuscript. The report of the Code Commissioners contains this recital: "This article is all new matter, and merely defines rights and provides remedies as to matters specified in each section, pertaining to personal property. Each section is merely declaratory, and confers no new right, except section 1881, which authorizes an alternative verdict in trover, and dispenses with proof of conversion where the defendant was in possession." Mayfield's Report as Code Commissioner 1907, p. 57.

There seems to have been some conflict of opinion even in this state as to the character of possession of a chattel which confers on the possessor a right of action at common law against one who wrongfully converts or injures such chattel. Some of the cases hold that the possession must be such as at least evidences a special property in the chattel as distinguished from a mere gratuitous possession, without contractual responsibility to the owner. Heywood v. State, supra; Shahan v. Herzberg, supra; Philips v. Harriss, 3 J. J. Marsh (Ky.) 122, 19 Am. Dec. 166; 3 R. C. L. p. 128, §§ 50, 51; Mitchell v. Ga. & Altnona R. R. Co., 111 Ga. 760, 36 S. E. 971, 51 L. R. A. 622; Lockhart v. Western & Atl. R. R. Co., 73 Ga. 472, 54 Am. Rep. 883. While others hold that the mere possession is sufficient against such wrongdoer. Cook v. Patterson, 35 Ala. 102; Blackman v. Lehman, 63 Ala. 556, 35 Am. Rep. 57; A. G. S. v. Jones, supra; State v. Pensacola & St. Andrew & Gulf Steamship Co., 75 South. 892;[1] Dicey on Parties to Action (2d Ed.) p. 376, § 354. The authority last cited states the rule thus: "A person who has the actual possession of goods has a right to possess them against any one who cannot show a better title, or, what is the same thing, who cannot show that in interfering with possession of the goods he is acting under the authority of some one who has a better title than the possessor. Rights of action of this sort are given in respect of the immediate and present violation of the possession of the plaintiff, independently of his right of property, and are an extension of the protection which the law throws around his person"—citing as supporting the text Rogers v. Spence, 13 M. E. W. 571–581.

[2] The authorities, however, agree that the possession of a servant, under the immediate control and dominion of the master, is in contemplation of law the possession of the master, and does not confer on the servant a right of action for the destruction or injury of the property by a wrongdoer. Heygood v. State, supra; A. G. S. v. Jones, supra; Dicey on Parties to Actions, p. 379; Adams v. State, 13 Ala. App. 330, 69 South. 357; Thomas v. State, 97 Ala. 3, 12 South. 409; Aldridge v. State, 88 Ala. 113, 7 South. 48, 16 Am. St. Rep. 23.

[3-6] The statute, as appears from the report of the Code commissioner, is merely declaratory of the common law, and does not confer or create a new right of action. Its manifest purpose was to settle the seeming conflict evidenced by the authority in this state as to the character of possession of a chattel essential to confer a right of action for its loss or injury at the hands of a wrongdoer, and under this statute, "mere possession," though "wrongfully" and "without title," "gives a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession." To constitute this character of possession, however, the possessor must have absolute dominion over and control of the property for the time being. In legal contemplation, possession indeed may be considered as primative proof of title, and the natural foundation of right. Linscott v. Trask, 35 Me. 150. The possessor of personal property is prima facie the owner, and the presumption of ownership arising from it is not disputable by a trespasser who does not connect himself with the true title. A. G. S. v. Jones, supra. "While, however, possession will maintain or defeat an action against a wrongdoer, and is, to that extent, evidence of title, it is not title, nor the equivalent of title. It is but evidence of title, which may be rebutted and overturned. Title is a fact. Possession is only testimony tending to prove it. Pleadings are made up of matters averred as facts and not of testimony which merely tends to prove them; unless, perhaps, in cases where the evidence averred is itself the fact, or its equivalent." Wilkinson v. Searcy, 76 Ala. 176. Where the plaintiff relies on mere possession in a suit against a wrongdoer, the better practice is to sue as owner. Crescent News Hotel Co. v. Hines, supra. Under the rule declared by the statute, the averment in the complaint in this case that the plaintiff "had

[1] 200 Ala. 144.

charge and possession" of the motorcycle is insufficient as against the demurrer, in the absence of an averment that the defendant is not the true owner of the property, bringing the case clearly within the letter of the statute. Otherwise stated, on demurrer the averments will be construed most strongly against the pleader, and it will be assumed that the character of defendant's possession was not such as entitled him to maintain an action against the defendant, in the absence of an averment that brings the case within the rule declared by the statute. Western Ry. of Ala. v. Madison, 16 Ala. App. 588, 80 South. 162.

The result is that the trial court committed reversible error in overruling the demurrer to the complaint, and for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

Goodwyn & Ross, of Bessemer, for appellant.

Percy, Benners & Burr, of Birmingham, for appellee.

McCLELLAN, J. Goodwyn, plaintiff in the trial court, recovered a judgment against the Birmingham Southern Railroad Company for damages to a motorcycle with which the carrier's train came into collision at a public road crossing. The motorcycle was, at the time, in the "charge and possession" of Goodwyn, the plaintiff. The Court of Appeals reversed the judgment, remanding the cause, on the sole ground that the trial court erroneously overruled the defendant's demurrer to the complaint. To this single question is the review here strictly confined. There can be, we think, no fair doubt of the correct conclusion of the Court of Appeals, viz. that the complaint was subject to the demurrer. The considerations and authorities justifying that conclusion are satisfactorily stated in the opinion of the Court of Appeals. Birmingham Southern R. R. Co. v. Goodwyn, 81 South. 342. The proper application of the familiar rule that, on hearing on demurrer, the pleading assailed must be construed most strongly against the pleader required the conclusion that the complaint was subject to the demurrer. The particular objection pointed by the demurrer was that the complaint did not exclude, by its averments, the idea that the defendant had such an interest in the chattel as would, if held by the defendant, defeat the plaintiff's right to implead the defendant for damage negligently caused by the defendant; the plaintiff not having sued as the owner of the chattel, but solely as one having it in charge and possession at the time.

[7] In its opinion the Court of Appeals found this:

"It appears without dispute that the motorcycle belonged to one Faulkner, and that the plaintiff was in the employ of Faulkner as a collector. * * *"

This conclusion of fact—which is accepted by this court as final on the present review—brings the case to this state: The averment of fact improperly omitted from the complaint, as the demurrer pointed out, was indisputably proven, from which it resulted that the erroneous overruling of the demurrer was rendered innocuous to the defendant, appellant in the Court of Appeals. This is an application of the doctrine illustrated in Best Park Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929, where it was held that—assuming the demurrer efficiently took the stated objection to the complaint, and hence that it was erroneously overruled—the error was cured, was rendered harmless by subsequent instruction of the jury in which proof of the improperly omitted averment was "specifically required" to be made. That deliverance cannot be discriminated, in principle, so as to avert its application to the question now under review. The error committed in overruling the defendant's demurrer to the complaint was harmless, and the appellant in the Court of Appeals was not entitled to a reversal of the judgment because of it.

[8] Where the opinion of the Court of Appeals affords, by its conclusive statement of its findings of fact, adequate basis or bases for the application of the doctrine of error without injury, looking to the affirmance of the judgment of the trial court, this court will, under the authority and duty imposed by section 140 of the Constitution, consider and determine whether the judgment should have been affirmed because the error, intervening in the trial court, was without injury to the appellant. McNeil v. Munson Lines, 184 Ala. 420, 63 South. 992.

The writ prayed is granted, and the order of reversal in the Court of Appeals is reversed; and the cause is remanded to the Court of Appeals for its further consideration.

Writ granted.

MAYFIELD, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., and SAYRE, J., dissent.

ANDERSON, C. J. (dissenting). While concurring in the legal propositions as written by my Brother Justice McCLELLAN and in the opinion that the doctrine of error without injury could have been well invoked by the Court of Appeals in affirming the judgment of the trial court, I do not think that the Court of Appeals should be reversed for not invoking this doctrine. The opinion is silent upon the subject and I do not think that said court should be reversed for failing to consider and discuss a question. It is what said court decides and sets forth in its opinion that we should review, and not what it fails to consider and discuss.