181 So. 91

## ARLEDGE v. J. D. PITTMAN TRACTOR CO., Inc., et al.

5 Div. 274.

Supreme Court of Alabama.

April 28, 1938.

Rehearing Denied May 19, 1938.

132

Lawrence F. Gerald and J. B. Atkinson, both of Clanton, for appellant.

Grover C. Walker and Reynolds & Reynolds, all of Clanton, for appellees.

BROWN, Justice.

The sole question presented by this appeal is whether or not the road supervisor of Chilton county, an office created by Local Act No. 3, approved March 10, 1936, Local Acts 1936, Ex.Sess. pp. 4–8, can, in his official capacity, maintain trover for the conversion, or trespass for the wrongful taking of an article of road machinery, the property of the county, against the wrongdoer?

There is no contention that the statute creating the office by express provision gives him the right to sue, but the contention is that by section 6 of said act, page 6, it is provided: "That said Road Supervisor shall be *the custodian* of all machinery, equipment, supplies or materials owned by the County under this act and shall be required and liable to account therefor to the Commissioners Court of Chilton County, Alabama, upon written demand by them, and shall render an account therefor at the expiration of his term of office," and therefore he has such property in the chattels in custody as authorizes him to maintain such actions under the provisions of section 5668, of the Code 1923. (Italics supplied.)

Section 5668, Code provides, that: "Mere possession of a chattel, if without title, or wrongfully, will give a right to action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession." 

This statute, while awkwardly expressed, is merely declaratory of the common law that possession is evidence of title and proof of possession in the plaintiff will sustain an action as against a wrongdoer without title who injures, converts, or takes chattels from such possession. Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339; Id., 17 Ala.App. 34, 81 So. 342.

The *custody* of the road supervisor as such is the county's possession as a matter of law, and such custody does not authorize him to maintain an action for damages for conversion or trespass. The county is the proper party to sue. Lewis v. Lee County, 66 Ala. 480.

The affirmative charge for the defendant was given without error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, Justice.

This Court and the Court of Appeals fully treated the question of the right of one in possession, and the character of the

possession necessary to sustain an action against a wrongdoer for injury to or conversion of personal property in Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339; Id., 17 Ala.App. 34, 81 So. 342, where the authorities were fully reviewed, and the statute upon which appellant relies was construed and applied. That case is cited in original opinion in this case, and to our mind is a sufficient answer to the appellant's application for rehearing.

The only Alabama case not referred to in the Goodwyn Case is Forbes & Carloss v. Plummer, 198 Ala. 162, 73 So. 451. The opinion in that case refers to the facts as disclosed in the opinion on a former appeal (Hardison v. Plummer, 152 Ala. 619, 620, 44 So. 591), to wit:

"The plaintiff, Theodore Plummer, purchased the property at said sale [mortgage foreclosure], went into possession, and then put it in charge of Hardison, as his agent, and who subsequently turned it over to the other defendants, Forbes & Carlos."

On the last appeal it was observed (page 453 of 73 So.):

"Moreover, as we have before said, it was ruled on the former appeal (and we see no reason to depart from that holding) that this plaintiff had such possession, title, or right as would support trover, if the defendants really converted the property as alleged and as the proof tended to show. If it could be contended or found that he purchased as an agent or an officer of the lumber company, and not as an individual, still he acquired such rights as would support trover against one who subsequently converted the property. Such case is different from one involving the possession or custody of a mere overseer or caretaker, as is spoken of in the case of Heygood v. State, 59 Ala. 491 The correct rule as to the maintaining of trespass, trover, etc., against wrongdoers, by agents or bailees in their own names, is stated in the opinion in the case of Montgomery G. L. Co. v. Montgomery & E. Ry. Co., 86 Ala. 372, 5 So. 735."

In the case there cited the opinion states:

"The plaintiff had them in possession as bailee for hire, and owned such a special property in the cars as to authorize an action in its name against a third person, for negligently or tortiously injuring them." Montgomery Gas Light Co. v. Montgomery & E. Ry. Co., 86 Ala. 372, 382, 5 So. 735, 738.

In Crescent News & Hotel Co. v. Hines, 7 Ala.App. 609, 61 So. 9, the property was delivered by the plaintiff to the defendant under a contract of bailment and the court observed (page 11):

"The contention is not made, and we do not think that it could successfully be made, that the state's ownership of the rifles, of which the plaintiff was the lawful custodian, *rendered invalid the contract of bailment entered into by the defendant with the plaintiff.*" (Italics supplied.)

In Hara v. Fuller, 7 Ala. 717, the action was by a bailee against a wrongdoer.

Here Arledge was the county's "road supervisor"—overseer, and property in his custody was in the county's possession as a matter of law. Thompson v. Chilton County et al., post, p. 142, 181 So. 701.

The application is overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.