## LOWREMORE *vs.*, BERRY.

1. In action of trover for the conversion of a promissory note, the plaintiff may recover upon proof of his previous possession of the note, notwithstanding the legal title to it, and the right to sue for the money due thereby, are shown to be in another person. If the defendant would protect himself by showing an outstanding title in another, he must connect himself with it, by showing that he acted under the authority of the real owner.

2. Trover will not lie for the conversion of a promissory note, after it has been paid, or legally discharged in any manner.

3. But if the note has not been paid, or legally discharged, trover will lie for its conversion, although the word, "paid," has been written across the face of it by mistake, or by one without authority.

ERROR to the Circuit Court of Fayette. Tried before the Hon. Samuel Chapman.

THIS was an action of trover brought by the plaintiff against the defendant, to recover the value of a promissory note. On the trial it was proved that the note was made by E. A. Montgomery, payable to John Newton or order. It also appeared that this note was delivered to one, who was examined as a witness, to be collected, and the money to be applied to the payment of a judgment in favor of the witness against the plaintiff. The witness failed to collect the money, and having an execution against the plaintiff, he gave the note to a constable, who levied the execution upon it as the property of the plaintiff, and sold it. The defendant purchased it at the constable's sale, and offered to give it up to the plaintiff, if he would pay him the amount which he had given for it at the sale. Upon this evidence, the court instructed the jury that the plaintiff could not recover.

COGGIN, for plaintiff.

PECK, *contra*.

DARGAN, C. J.—It is admitted by the counsel for the defendant, that the note was not subject to levy and sale, and that the defendant obtained no title to it by his purchase. But it is contended, that as the note was not endorsed by the payee, the legal title is still in him; consequently that the plaintiff cannot

recover, because he failed to show any legal title to the note. If the action had been founded on the note, this objection would have been fatal to the plaintiff's right to recover. But it is not. The gist of the action is the wrongful conversion, and we think the principle is well settled, that possession alone is sufficient evidence of title to enable the plaintiff to recover in an action of trover, against a wrong doer, although the title to the chattel may not be in the plaintiff, but in another; and if the defendant would protect himself by showing an outstanding title in another, he must connect himself with it, by showing that he acted under the authority of him who was in fact the owner. In the case of Joyce v. Dozier, 8 Por. 303, it was held that the mere prior possession was sufficient to sustain the action of detinue against a trespasser, and that he could not defend himself by showing an outstanding title in another, without in some manner connecting himself with such title. To the same effect is the case of Duncan v. Spear, 11 Wend. 54. We think the principle recognized by these cases is decisive to show that the plaintiff might have recovered, if he had satisfied the jury of his previous possession of the note, notwithstanding the legal title to the note, and the right to sue for the money due thereby, were shown to be in the payee.

It may, however, be contended that the note was paid, as the word "paid" was written across the face of it, and that therefore the action cannot be maintained. If the note in truth was paid before the conversion, or in any manner legally discharged, then we admit that trover will not lie to recover the value of it, for in fact it would have no value; but if the word "*paid*" was written across the face of the note by mistake, or by one without authority, this would not discharge the maker from his obligation to pay, and consequently, trover would lie for its conversion; and we think the circumstances of this case were such as required the question of payment to have been left to the jury to determine.

The court erred in the instructions given to the jury, and the judgment must be reversed, and the cause remanded.