ROBERT CRAIG, Assignee, etc., Respondent, v. EDWARD MASON, Appellant.

Kansas City Court of Appeals, January 6, 1896.

1. **County Warrants**: ASSESSMENT: EQUITABLE TITLE. The holder of a warrant without the statutory indorsement thereon, though he has not the legal title, yet, by reason of his possession under claim of ownership, has an equitable title.

2. ———: STATUTORY INDORSEMENT: CONVERSION: WRONGDOER. Such holder of a warrant may maintain trover against a wrongdoer, as peaceable possession is sufficient, and such wrongdoer can not show title in a third person.

3. **Trover**: TRESPASS: CHOSES IN ACTION. Trover may be maintained whenever trespass will lie, and there is no longer a reason for a distinction between tangible personal property and choses in action.

4. ———: POSSESSION: ACTION. Where, in an action for conversion, the plaintiff's right is based on possession which he has voluntarily parted with, he can not maintain the action. *Webster v. Heylman*, 11 Mo. 428, *distinguished*.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Gilbreath & Holmes* with *F. M. Black* for appellant.

(1) The warrants not having been assigned in the manner and form required by the statutes, no right, title, or interest in and to the same was acquired by the Bank of Osceola. No action can be maintained by the assignee. R. S. 1889, sec. 3194; *Bank v. Franklin County*, 65 Mo. 105; *Springer v. Clay County*, 35 Iowa, 241; *Smeltzer v. White*, 92 U. S. 390; *Lucas v. City of San Francisco*, 7 Cal. 767; *The People v. Gray*, 23 Cal. 125; *Danna v. San Francisco*, 19 Cal. 486; *People v. Supervisor of Eldorado County*, 11 Cal. 170. (2) Plaintiff's petition does not even state a cause of action under the ruling of *Bank v. Franklin County*, 65 Mo. 105, because the allegation that plaintiff "is the owner" is insufficient. The petition must aver title in the bank in express terms by alleging the statutory assignment. *Bank v. Franklin County*, 65 Mo. 105. In an action upon a note, bill, or county warrant by anyone not an original party, plaintiff's pleadings must show the fact that gave him title. *Smith & Kinzer v. Dean*, 19 Mo. 63; *Jaccard v. Anderson*, 32 Mo. 188; *Rorche v. Duff*, 35 Mo. 312; Bliss, Code Pleadings [3 Ed.], pp. 354, 355, secs. 231, 232. (3) The plaintiff must not only allege an assignment, but the evidence offered in support of the petition must show, in unequivocal terms, that the warrants were assigned to the bank in the manner and form required by the statute. The statement by a witness that "the bank was the owner of the warrants" is a mere statement of a conclusion of law. *Bank v. Franklin County*, 65 Mo. 105; *Boot and Shoe Co. v. Bain*, 46 Mo. App. 581; *Madden v. Railroad*, 50 Mo. App. 666; *Railroad v. Stockyards*, 120 Mo. 541. (4) Plaintiff did not have a legal title, and therefore can not maintain this action. Equitable title in an action of trover is not sufficient. The nature of the title required

of plaintiff is a legal one, in contradiction to an equitable one. *Webster v. Heylman*, 11 Mo. 428; *Myers v. Hale et al.*, 17 Mo. App. 204; *Parker v. Rhodes*, 79 Mo. 88; *Herring v. Teghlman*, 13 Iredel (N. C.), 392; *Killian v. Carroll*, 13 Iredel (N. C.), 432; *Heyland v. Badger*, 35 Cal. 404; *Railroad v. Payne*, 119 U. S. 561; *Halleck v. Mixer*, 16 Cal. 574; *Mather v. Trinity Church*, 3 S. & R. (Pa.) 509; *Harlan v. Harlan*, 15 Pa. St. 507; *Todd v. Cruikshanks*, 3 Johns (N. Y.), 432; *Fulton v. Fulton*, 48 Barb. (N. Y.) 581; *Winship v. Neale*, 10 Gray (Mass.), 382; *Landon v. Emmons*, 97 Mass. 37; *Hillard v. Toots*, vol. 1, chap. 1, p. 48, sec. 43; *Reese v. Harris*, 27 Ala. 306; *Woodruff v. Apgar*, 42 N. J. 198; *Rogers v. Arnold*, 12 Wend. (N. Y.) 30; *Warner v. Mathews*, 18 Ill. 83; *Richardson v. Means*, 22 Mo. 498; *Gibbons v. Gentry*, 20 Mo. 498; *Bergesh v. Keevil*, 19 Mo. 127; *Parker v. Rhodes et al.*, 79 Mo. 88; *Pace v. Pierce*, 49 Mo. 395; *Lacy v. Gibbony*, 36 Mo. 320; *Edwards v. Gibbons*, 25 Mo. 379. (5) Where a defendant is in possession, whether peaceable or otherwise, holding adversely, under claim of ownership, plaintiff must recover, if at all, on his legal title. While possession is *prima facie* title, it is not in fact ownership, and will not support trover or replevin when the title is shown to be in another; and if title is denied the *onus* is on him to prove it. *Baker v. Campbell*, 32 Mo. App. 529; *Wright v. Richmond*, 21 Mo. App. 76; *Broadwater v. Darne*, 10 Mo. 277; *McMahill v. Walker*, 22 Mo. App. 29; *Andrews v. Costican et al.*, 30 Mo. App. 29; *Gartside v. Nixson*, 43 Mo. 138; *Gray v. Parker*, 38 Mo. 160; *Campbell v. Williams*, 39 Iowa, 646; *Melton v. McDonald*, 2 Mo. 45; *Sugget v. Cason*, 26 Mo. 221; *Easteim v. Fleming*, 78 Ind. 116; *Picquel v. McKay*, 2 Black (Ind.), 465; *Reinhermer v. Hermingway*, 35 Pa. St. 432; *Stanley v. Neale*, 98 Mass. 343; *Goodman v. Kennedy*, 10 Neb. 270; *Wheeler v. Allen*, 51 N. Y. 37.

(6) The appellant had a right to show title in a third person, and when so shown it is a complete defense in trover or replevin. *Stern v. Mason,* 16 Mo. App. 473; *Young v. Glasscock,* 79 Mo. 575; Wells on Replevin, sec. 689; *Rotan v. Fletcher,* 15 Johns. (N. Y.) 205; *Tuthill v. Wheeler,* 6 Barb. (N. Y.) 362; *Clapp v. Glidden,* 39 Me. 448–451; *Wheeler v. Allen,* 51 N. Y. 37.

*George L. Mann* and *P. A. Parks* for respondent.

(1) The law is that a person possessed of goods as his property has a good title as against every stranger, and that one who takes them from him having no title in himself is a wrongdoer and can not defend himself by showing that there was a title in some third person, for against a wrongdoer possession is title. Cooley on Torts [2 Ed.], 519, side page 444. *Vanzant v. Hunter,* 1 Mo. 71; *Turley v. Tucker,* 6 Mo. 583; *Hickey v. Hazzard,* 3·Mo. App. 480, 486. See closing paragraph of opinion. *Ireland v. Horseman,* 65 Mo. 511; *Buddington v. Mastbrook,* 17 Mo. App. 577; *Donnell v. Thompson,* 13 Ala. 440; *Lowermore v. Berry,* 19 Ala. 130; *Brown v. Shaw,* 51 Minn. 266; *Stowell v. Otis,* 71 N. Y. 36; *Demick v. Chapman,* 11 Johnson (N. Y.), 132; *Bartlett v. Hoyt,* 29 N. H. 317; *Harker v. Dement,* 52 Am. Dec. 670; 9 Gill (Md.), 7; *Duncan v. Spear,* 11 Wend. (N. Y.) 54; 1 Addison on Torts, secs. 532 and 537. (2) Where the plaintiff is in the lawful possession of personal property, and having failed to comply with statutory regulations imposed from motives of public policy defendant can not avail himself of that fact in bar of the action. 26 Am. and Eng. Encyclopedia of Law, 749. *Bartlett v. Hoyt,* 29 N. H. 317. (3) The gist of this action is the wrongful conversion, and the principle is well settled that this action can be maintained on possession alone, without better title, against a wrong-

doer. *Lowermore v. Berry*, 19 Ala. 130; *Donnell v. Thompson*, 13 Ala. 440; *Clowes v. Harly*, 12 John. Rep. 484. (4) Trover can be maintained in this state wherever trespass can. *Ireland v. Horseman*, 65 Mo. 511; *Buddington v. Mastbrook*, 17 Mo. App. 577. (5) In the case at bar the Bank of Osceola had more than a legal possession of the warrants in controversy. It had bought them and paid for them, and was possessed of them as its own goods. It had the actual possession, coupled with the equitable title. It was the real owner of the warrants and was entitled to the possession of them against the whole world, even against the persons in whom by reason of the statute the strict legal title remained. *Bartlett v. Hoyt*, 29 N. H. 317; *Johnson v. Carnley*, 10 N. Y. 570. Reported, also, in 61 Am. Dec. 762. (6) For the purposes of this action possession of the warrants was *prima fácie* evidence of ownership. *Hines v. McKinney*, 3 Mo. 382; *Singleton v. Mann*, 3 Mo. 465.

ELLISON, J.—The plaintiff is the assignee of the Bank of Osceola and sued defendant for the conversion of certain warrants of St. Clair county. The judgment of the trial court, on a trial before the court without a jury, was for plaintiff for the value of the warrants.

Since the finding of the court, under the declarations of law given by the court, was for the plaintiff, we may state the facts governing the case to be, that the Bank of Osceola was in possession and claimed to be the owner of the warrants. The bank bought them of the payees, but did not obtain the statutory indorsement required by section 3194, Revised Statutes, 1889, there being merely an indorsement in blank on each warrant. James M. Pugh was cashier of the bank and entered into an agreement (for himself) with the

defendant, for the purchase of ninety-six shares of the stock of the bank which defendant owned. Pugh was to pay for the stock in the warrants aforesaid, at the rate of ninety cents to the dollar of their face value. In pursuance of this contract, Pugh delivered to defendant the warrants, defendant knowing at the time that they were in possession of the bank, under a claim of ownership.

One of the principal points of contention between the parties relates to the proposition of defendant that the warrants, not having been assigned in the form required by the statute, no right, title, or interest in and to the warrants was acquired by the bank and that, therefore, no action in conversion can be maintained by the assignee. The statute requires, that "all warrants drawn on the treasurer of any county shall be assignable, and every assignment of any such warrant shall be in the following form: 'For value received, I assign the within warrant to A. B. this——day of—— 18——. (Signed) C. D.' No blank indorsement shall transfer any right to a warrant, nor shall it authorize any holder to fill up the same.''

The supreme court, in *International Bank v. Franklin County*, 65 Mo. 105, decided that the indorsement must be written out as required by the statute, and that an indorsement in blank would not pass title to the warrant. The interpretation we put upon that case is, that no legal title would pass to the indorsee of the warrant. But that should not be interpreted to mean that one who becomes possessed of a county warrant by purchase obtains no right or interest in it. As stated by plaintiff's counsel, the legislature never intended to confiscate the warrant in the hands of such a holder. If one should purchase and receive possession of a county warrant and not obtain the statutory indorsement, he could not draw the money due thereon from

the county treasury, since the statute prohibits payment, unless indorsed in accordance with the statute. But if his assignor should refuse to make the proper indorsement, he would have such an equitable title as would enable him to go into a court of equity and obtain a decree against the assignor, requiring him to indorse; and, in case of his refusal, the decree itself would operate as an indorsement, on which the money might be drawn from the county treasury. So we hold that while the bank had not the legal title to the warrants in controversy, yet it had possession under a claim of ownership and had an equitable title.

The question, then, is, can the plaintiff, as assignee of the bank, maintain an action in conversion under such possession, claim, and title. We think that he can, for the reason that the defendant, having no title himself, or right to the possession, and not being connected with any one who was entitled to the possession, or who had the beneficial ownership—in short, being a mere wrongdoer—is not in a situation to invoke plaintiff's lack of a legal title to shield himself from the wrong which he committed in obtaining the warrants from Pugh. Whatever the rule may be as to the necessity of title in a plaintiff in order to enable him to maintain an action of trover and conversion, ordinarily, it is well settled that, as against a wrongdoer, peaceable possession is sufficient. Cooley on Torts, 518–522; *Lowermore v. Berry*, 19 Ala. 130; *Donnell v. Thompson*, 13 Ala. 440; *Bartlett v. Hoyt*, 29 N. H. 317; *Duncan v. Spear*, 11 Wend. 54; *Harker v. Dement*, 9 Gill, 9; *Wheeler v. Lawson*, 103 N. Y. 40; *Knapp v. Winchester*, 11 Vermont, 351; *Jefferies v. Railroad*, 5 El. & Bl. 802.

The case last cited was where both plaintiff and defendant were wrongdoers, though the wrong of

plaintiff was not criminal, but rather in the nature of a fraud. Yet Lord CAMPBELL said: "I am of the opinion that the law is that a person possessed of goods, as his property, has a good title as against every stranger, and that one who seeks to take them from him, having no title in himself, is a wrongdoer and can not defend himself by showing that there was title in some third person; for, against a wrongdoer, possession is title. * * * I think it a most reasonable law, and essential for the interests of society, that peaceable possession should not be disturbed by wrongdoers. * * * In this respect, I see no difference between trespass and trover; for, in truth, the presumption of law is, that the person who has the possession has the property. Can that presumption be rebutted by evidence that the property was in a third person, when offered as a defense by one who admits that he himself had no title and was a wrongdoer when he converted the goods? I am of the opinion that this can not be done."

It has been repeatedly held in this state that trover may be maintained wherever trespass will lie. *Ireland v. Horseman*, 65 Mo. 511; *Buddington v. Mastbrook*, 17 Mo. App. 577. And it is well settled that, "the possessor of personal property may maintain trespass against a mere wrongdoer, without showing the extent of his right; possession itself being a sufficient title against all the world except the true owner." 1 Waterman on Trespass, sec. 515. Or, those claiming in the owner's right.

Most of the cases of trover arise over articles of tangible personal property and a distinction is suggested between such cases and a case like the present, involving a chose in action, which is said to be merely a representative of property. There is no reason, at this day, for any distinction, though it may be recognized in some jurisdictions. Trover may be main-

tained for the conversion of a note, a certificate of stock, and the like. *Lowermore v. Berry*, 19 Ala. 130; *Payne v. Elliott*, 54 California, 339; *Daggett v. Davis*, 53 Mich. 35.

We have been cited by defendant to several cases as opposed to the general view we have advanced herein, but an examination of them will show that those bearing on like questions are not cases against a mere wrongdoer. That of *Webster v. Heylman*, 11 Mo. 428, was before the present code was adopted, and involved more a question of a right of the plaintiff to bring the suit, than anything else. It appears from briefs of counsel in that case, that "the only question" they proposed to submit to the court was, "whether the action was properly brought in the name of Heylman." And they argued that it was not, "because Heylman had neither a general or special property in the note, but stood in the position of a mere agent, and had voluntarily parted with the note." The court expressly stated that the question for decision was not whether a bailee had such a special property, that is, possession (*Turley v. Tucker*, 6 Mo. 583), as would enable him to sustain an action for its conversion. The fact was, as will be found by a reference to the original volume of the 11 Mo. *supra*, that Heylman, the plaintiff, was intrusted with the note by the owner, to collect, and then, without any authority, pledged it for a private debt to the defendant, Webster. Whatever title he had by mere possession was destroyed by his voluntarily parting with the possession. In such case the action can not be sustained; for where one's right is based on possession, which he has voluntarily placed in another, he has no standing. *Knapp v. Winchester*, 11 Vt. 351.

While we have dwelt much upon the right arising from peaceable possession to maintain trover against a wrongdoer, it should not be forgotten that in this case

the plaintiff has more than a mere possession to stand upon. The bank, which plaintiff represents, had more than a mere possession. It had, in addition, as we have before remarked, a claim of ownership.

Many points suggested by defendant we consider to be practically disposed of by the declarations of law which the court gave, indicating, as they do, the facts the court must have found in rendering judgment for the plaintiff.

Our conclusion, after a full investigation, is that the judgment of the trial court was well founded and hence we affirm the judgment. All concur.