123 So.2d 114

W. E. MAY

v.

CREDIT INDUSTRIAL CO.

4 Div. 16.

Supreme Court of Alabama.

May 26, 1960.

Rehearing Denied Sept. 15, 1960.

John C. Walters, Troy, for appellant.

J. B. Wiley, Troy, for appellee.

**300**

STAKELY, Justice.

On application for rehearing we think that there is just criticism of the opinion which should be corrected. For example, we stated that the attack on the judgment rendered in favor of Credit Industrial Company, a corporation, v. W. E. May could not be assailed on collateral attack. There is no doubt, however, that the attack on the judgment in the present case is a direct attack. Russell v. Mitchell, 267 Ala. 358, 102 So.2d 14; Merchants Nat. Bank of Mobile v. Morris, 252 Ala. 566, 42 So.2d 240. Accordingly, the original opinion is withdrawn and this opinion is substituted in lieu thereof.

This is an appeal from a decree of the equity court sustaining the demurrer of Credit Industrial Company, a corporation, to a bill filed by W. E. May (appellant) against Credit Industrial Company, a corporation (appellee). The bill is a bill in the nature of a bill of review and seeks to have the court set aside and declare void a judgment rendered on January 8, 1954, in the Circuit Court of Pike County in a suit brought by Credit Industrial Company, a corporation, against W. E. May. The judgment is a judgment by default for the sum of $627.99. The judgment by default was obtained by Credit Industrial Company, a corporation, against W. E. May after personal service on W. E. May. The bill in the present case was filed on August 6, 1958.

The grounds upon which the bill is based may be summarized as follows:

1. The judgment against W. E. May was obtained by a conspiracy between Ohmlac Paint and Refining Co., Inc., a corporation, hereinafter called Ohmlac, and Credit Industrial Company, a corporation, hereinafter called Credit Industrial, both being foreign corporations with their places of business in New York, New York, and not qualified to do business in the State of Alabama, to defraud the public and the Circuit Court of Pike County and other defendants in the following manner. Ohmlac was to sell worthless or practically worthless paint and to obtain trade acceptances, which appear on their face to be negotiable instruments, from the purchasers of the paint and to deliver the paint to the purchasers and then fraudulently transfer the aforesaid trade acceptances to Credit Industrial without consideration and as a part of the conspiracy, so as to defraud the purchasers and that the Credit Industrial is not now and has never been a holder in due course of the trade acceptances. It is further alleged that the Ohmlac Company and Credit Industrial are either owned, controlled, directed and managed by the same individuals or that these individuals entered into the aforesaid conspiracy. It is alleged that in this manner these companies will perpetrate a fraud upon the public.

2. The judgment of the Circuit Court of Pike County was based on no evidence and is, therefore, void.

3. W. E. May was released from the claim upon which the judgment in the Circuit Court of Pike County was founded prior to the filing of the original suit.

4. Both Ohmlac and Credit Industrial are foreign corporations and not qualified to do business in the State of Alabama and this transaction took place in Alabama. Therefore, by virtue of § 232, Constitution of Alabama of 1901, the judgment in the Circuit Court of Pike County, is void and no process can issue thereon for the collection of the judgment.

■ I. This court has consistently held that where a judgment has been rendered in a court of competent jurisdiction, a court of equity will not set aside or annul the judgment obtained by a fraud which is intrinsic, but will only set aside a judgment which is extrinsic or collateral to the matter tried by the first court.

■ The record of the case in which the judgment was rendered is attached to the bill of complaint and shows that the judgment by default was obtained by personal service on W. E. May. The court, therefore, had personal jurisdiction over W. E. May. In that suit W. E. May could have set up any fraud by which the trade acceptances were secured from him and on which the suit against him was based. He cannot stand by and allow a judgment to be rendered against him and then say that the judgment was based on fraud. The only fraud which he can show to set aside the judgment would be extrinsic fraud, that is fraud by which the judgment was procured. Fuqua v. Spry Burial Ins. Co., 254 Ala. 189, 47 So.2d 817; Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Stephens v. Stephens, 251 Ala. 431, 37 So.2d 918. In Graham v. Graham, 251 Ala. 124, 36 So.2d 316, 320, it was said: "Fraud has been regarded as intrinsic, within the meaning of this rule, where the fraudulent acts pertain to an issue in-volved in the original action, or where the acts constituting the fraud were, or could have been, litigated therein."

II. It is argued by the appellant that the trade acceptances which were introduced in the trial on the law side were the sole and only purported evidence before the court and since they show on their face that they are not self proving, they amounted to no evidence at all and therefore no evidence was before the court on which a valid judgment could be based.

■■ It is well settled that "equity will not afford relief against a judgment for [lack or] insufficiency of the evidence to support it." Rowe v. Big Sandy Coal Corp., 197 Va. 136, 87 S.E.2d 763, 767; 30-A Amer.Juris, § 776, p. 717; 49 C.J.S. Judgments § 358, p. 715; Vaughan v. Vaughan, 267 Ala. 117, 100 So.2d 1.

■ III. It is argued that W. E. May was released from the claim for which he was sued prior to the filing of the summons and complaint in the Circuit Court of Pike County. If this is a defense, it should have been presented in the Circuit Court of Pike County and cannot now be raised. As we have shown there is no allegation that the judgment was procured by extrinsic fraud. Authorities supra. Furthermore, there is no allegation that the judgment was procured through accident or mistake when the party complaining has a meritorious defense to the action and was without fault or negligence himself in permitting the rendition of the judgment. Barrow v. Lindsey, 230 Ala. 45, 159 So. 232.

■ IV. The position is taken that since Ohmlac and Credit Industrial, the respondents here, were neither qualified to do business in the State of Alabama, that the dealings which were had between them and W. E. May are void by reason of § 232, Constitution of 1901. This is a defense which should have been raised in the Circuit Court of Pike County where the judgment was rendered.

The complaint in the action in the Circuit Court of Pike County did not allege

**302**

that either Ohmlac or Credit Industrial was a foreign corporation. Nor was there any pleading filed by W. E. May, the defendant in that suit, alleging that either of the foregoing corporations was a foreign corporation. Furthermore in the foregoing case even if W. E. May had filed such a plea, he could not have done so merely by way of implication. It was necessary for such a plea not only to allege that the foregoing corporations did business in the state but also that they did business without first having complied with the constitution and the statutes. Ashurst v. Arnold-Henegar-Doyle Co., 201 Ala. 480, 78 So. 386. Furthermore the contention that Credit Industrial cannot now collect by execution on the judgment recovered against W. E. May is without merit. Ashurst v. Arnold-Henegar-Doyle Co., supra.

We conclude that the court acted correctly in sustaining the demurrer to the bill.

Original opinion withdrawn and opinion substituted. Application for rehearing overruled and decree of trial court affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.