133 So.2d 673

**W. L. DOLLAR et al.**

v.

**Audrey S. McKINNEY et al.**

7 Div. 439.

Supreme Court of Alabama.

Sept. 14, 1961.

Rehearing Denied Nov. 2, 1961.

J. J. Cockrell, Birmingham, for appellants.

Starnes & Holladay, Pell City, for appellees.

COLEMAN, Justice.

This is an appeal from a decree in equity which dissolved a temporary injunction and, in effect, overruled a demurrer to one aspect, and sustained the demurrer to a second aspect, of an amended bill of complaint.

The amended bill, as we understand it, may be regarded as having two aspects. In one aspect, the bill seeks to settle a disputed boundary. In the other aspect, the bill seeks to enjoin the collection of a judgment which one of the respondents recovered against the complainants, in an action at law, for cutting timber on the parcel of land as to which title is alleged to be in dispute, or which is involved in the boundary dispute.

The effect of the decree is to sustain the demurrer to that aspect of the bill which seeks to enjoin collection of the judgment and to overrule the demurrer to that aspect seeking to settle the disputed boundary. The temporary injunction, which was dissolved, enjoined the collection of the same judgment. Complainants have appealed and assign as error the action of the court in dissolving the temporary injunction and in sustaining the demurrer to the aspect of the bill seeking to enjoin collection of the judgment. So the question for decision, as we understand appellants' argument, is whether or not complainants, by the averments of the bill, show a right to enjoin collection of the judgment. If complainants do not, by the averments of the bill, show a right to enjoin collection of the judgment, the decree appealed from must be affirmed. If complainants, by those averments, show such right to enjoin, then the decree must be reversed.

The original bill was filed June 12, 1957, by W. L. Dollar against Mrs. Audrey S.

McKinney and Leon McKinney. The averments are that complainant, W. L. Dollar, is owner and in possession of a certain described parcel of land; that Mrs. McKinney is the owner of adjoining land; that the common boundary is in dispute; that no suit is pending to test the title or establish the common boundary; that "the respondent(s) through or by Leon McKinney * * * are at the present time trespassing" upon the lands of complainant, or the lands in dispute, and are removing certain natural boundaries upon the disputed land and attempting to place fences on said lands; that the acts of respondents, if permitted to continue, will cause complainant to suffer irreparable damage; that complainant is without adequate remedy to prevent said trespasses, and injunction is necessary. The bill prays for temporary restraining order to enjoin respondents from such trespasses pending determination of the boundary dispute, for determination of the boundary, for a permanent injunction, for damages, and for general relief. Complainant made bond as required by the court and temporary injunction was issued June 12, 1957, but that temporary injunction was not mentioned in the decree appealed from and is not involved in this appeal.

As best we can ascertain from the record, on November 3, 1958, complainant, W. L. Dollar, filed the amended bill of complaint with which we are here concerned.

The amended bill appears to contain substantially all the allegations of fact set out in the original bill. In addition, the amended bill avers that the respondent, Mrs. Audrey S. McKinney, on, to wit, July 30, 1956, commenced an action at law against complainant, W. L. Dollar, and three others who are made complainants in the amended bill, for damages for trespass committed by cutting trees upon land which is apparently the same land that is in dispute in the instant suit; that in said action at law, judgment for $400 was rendered, on the verdict of a jury, in favor of the plaintiff, Mrs. Audrey S. McKinney, who is one of the respondents in the instant case, and against the complainants in the instant case, namely, W. L. Dollar, Lonnie Nick Dollar, George Crowe, and G. M. Crowe; that said defendants appealed said judgment to this court where it was affirmed as reported in Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; that said Lonnie Nick Dollar, George Crowe, and G. M. Crowe were acting merely as agents of said W. L. Dollar, and that if said judgment is due to be paid, it should be paid by W. L. Dollar "* * * for as much as the timber cut either belonged to the complainant W. L. Dollar, or to the plaintiff, Audrey S. McKinney which timber for title and ownership was dependent upon the title and ownership of the land, whereon said timber was cut."; that title to the disputed land could not be settled in said action at law; that the disputed boundary could not be settled in said action; that settlement of the boundary will show that said timber for which judgment was rendered against complainant, W. L. Dollar, was on his land and was his property; that "Said verdict was obtained by mistake and it would be unconscionable to require your complainant to pay these respondents for timber that complainant cut on his own land; that such judgment is void in that the foundation of said judgment is the timber cut by the complainant which was on complainant(')s land and that respondents had no interest therein whatever; that the said judgment is in violation of the due process clause of the 5th and 14th amendment(s) of the Federal Constitution."

The amended bill further avers that complainant, W. L. Dollar, is physically disabled and that his "memory has considerably failed him" as the result of a stroke; that a survey of the disputed boundary was made September 17, 1958; that the boundary was agreed on 47 years ago and marked by hacks on trees and a wire fence; that in 1924 the respondent, Audrey McKinney, by her agent, agreed orally with complainant, W. L. Dollar, that said lines were correct and gave "a drawing of said lands to the said W. L. Dollar"; that due to his in-

firmity, Dollar mislaid the drawing which has been found since rendition of judgment in said action at law.

The amended bill prays that the court will establish the boundary and settle all matters growing out of the boundary dispute, will "decree who is the owner of the land from which the timber was cut," will enjoin collection of the judgment until the boundary is established, and "if such timber was cut from complainant(')s land the Court will decree the respondents be and are restrained forever from collecting said judgment."

Complainant made bond, and a temporary injunction restraining collection of the judgment, as prayed for in the amended bill, was issued on November 4, 1958. The case was submitted for decree on objection to the amendment, demurrer to the bill as amended, and motion to dissolve the temporary injunction. On December 3, 1958, the court entered the decree from which this appeal is taken.

We have again referred to the record filed in this court on the former appeal in Dollar v. McKinney, supra. It contains 175 pages, which includes 147 pages of testimony taken on the trial of that case. That record discloses that verdict was returned and judgment was rendered in favor of the instant respondent, Mrs. Audrey S. McKinney, in the law action, on February 27, 1957, more than three months prior to the commencement of the instant suit in equity, and more than one year and eight months prior to the filing of the amended bill on November 3, 1958, wherein complainant seeks to enjoin collection of the judgment at law. The judgment at law was affirmed on appeal on May 29, 1958, an application for rehearing was denied June 26, 1958, more than four months prior to the filing of the amended bill on November 3, 1958. We have noted that what purports to be an amendment to the original bill, seeking to enjoin collection of the judgment, appears in the record on pages 10 and 11, but this purported amendment is not sworn to and we have not found where it was endorsed as being filed. There does appear in the record, however, a demurrer apparently directed to this purported amendment which indicates that it was filed August 2, 1958.

Complainants appear to argue that because the amended bill has equity in the aspect seeking to determine a disputed boundary, the court should not have dissolved the temporary injunction. Appellants state in reply brief:

"We contend that when equity attaches for one thing, that it attaches for everything, and will not stop until it finishes the job."

To support this insistence, complainant cites, among other cases, Camp v. Dunnavent, 215 Ala. 78, 109 So. 362, and Irwin Fishing & Hunting Club v. Cobb, 235 Ala. 394, 179 So. 183. In the two cases last cited, this court held that the trial court erred in dissolving temporary injunctions which had been issued to preserve the status quo pending determination of a disputed boundary. In Camp v. Dunnavent, the injunction was to restrain respondent from destroying a concrete retaining wall on or near the disputed boundary; and in Irwin Fishing & Hunting Club v. Cobb, the injunction was to restrain respondent from cutting timber, pending determination of the boundary. Those temporary injunctions were issued to preserve the status quo pending settlement of the boundary dispute. In the instant case, temporary injunction to restrain respondents from removing landmarks pending determination of boundary was issued June 12, 1957, but, as already stated, that injunction was not mentioned in the decree appealed from. The injunction that was dissolved was the injunction restraining collection of the judgment at law. That judgment had become final. The determination of the boundary in the case at bar will not affect that judgment. Collection of the judgment will not affect the condition of the land in dispute, and neither will enjoining such collection preserve the

status quo with respect to the boundary. The cited cases do not support complainants' insistence that they are entitled to restrain collection of the judgment.

Appellants further appear to argue that they are entitled to enjoin collection of the judgment because it is void. Appellants state in brief:

"We now come to the discussion of the $400.00 judgment aspect of the bill as last amended.

"First: We propose to show that the verdict was void.

"In paragraphs 2, 3, and 4 (Tr. 14 & 15) it is shown that the verdict was rendered on a complaint, each count thereof being transitory and personal as distinguished from a real action to try title.

\*     \*     \*     \*     \*     \*

"It is established doctrine that a transitory action such as this cannot be substituted for ejectment with the consequence that a direct inquiry into the title to land may be had and the ascertainment of the repository of the title may be effected.

\*     \*     \*     \*     \*     \*

"The whole question was who had the better title and this could not be determined in this sort of case, not even in a timber cutting case."

We are inclined to concede that title and boundary could not be determined in the action for cutting timber. As noted in the opinion, Dollar v. McKinney, supra, 267 Ala. at page 630, 103 So.2d at page 787, that case went to the jury on counts in trespass to realty, trespass to personalty, trover, and for the statutory penalty, and on defendants' plea in short. In actions for trespass to realty and trespass to personalty, the gist of the action is the injury to plaintiff's possession, and possession, whether founded on a good or bad title, will support the action against a wrongdoer or stranger, Dollar v. McKinney, supra, 267 Ala. at page 633, 103 So.2d at page 790, and authorities there cited.

We do not agree that either the "verdict" or the judgment in the action at law was void for the reason, as urged by appellants, that it was a transitory action in which title could not be determined. The cases cited by appellants do not so hold. Cooper v. Watson, 73 Ala. 252, holds that the owner of land, not in actual possession, cannot maintain detinue for things severed from the land if such owner can show title to the thing severed only by showing title to the land. Beatty v. Brown, 76 Ala. 267, holds that the titleholder cannot recover the statutory penalty for cutting trees from a defendant who was in possession of the land and holding adversely to the titleholder at the time the trees were cut and removed from the freehold. In Alexander v. Smith, 203 Ala. 9, 81 So. 677, 679, the court quoted from White v. Farris, 124 Ala. 461, 27 So. 259, to the effect that in an action for the statutory penalty for cutting trees, " \* \* \* the plaintiff's title to the land may become an issuable fact." Yet, the opinion in Alexander v. Smith, supra, states:

"It is needless to say that this judgment (in the action for statutory penalty) is no bar to a real action or one in the nature thereof to try titles between these two claimants as to this strip of land." (Parentheses supplied.) 203 Ala. 9, 11, 81 So. 677, 679.

So in the instant case, the judgment in the former action at law between these parties for cutting timber is, as it appears to us, no bar to the instant suit to establish a boundary; but, we are of opinion that the judgment in the action for cutting timber is a bar to further trial of the issues determined in that action, to wit, the right of the plaintiff to recover from the defendants for cutting the timber.

For aught that appears in the instant bill of complaint, the court which rendered the judgment which complainants seek to enjoin had jurisdiction of subject matter and

 

parties, no extrinsic fraud is alleged, and the complainants in the instant suit, who were defendants in the action at law, had full notice and opportunity to present their defense. That they did vigorously defend is attested by the record on the former appeal.

Complainants further seem to insist that on the trial of the action at law "the jury left out of view W. L. Dollar's deed," and that consequently, complainants have been denied due process. Complainants state in brief:

"There is no escape from the conclusion that Dollar(')s deed, an undeniable fact in evidence and very vital to his cause was by the jury conclusively presumed against him and in doing so, violated the due process clause, both of our State Constitution and the 14th Amendment of the Federal Constitution, and the judgment rendered thereon is void."

The sufficiency of the evidence to support the verdict was considered on the former appeal. The conclusion was that the court did not err in refusing the affirmative charge requested by the instant complainants, defendants in that action, and also that the motion for new trial on the ground that the verdict was contrary to the great weight of the evidence was overruled without error. Even if, however, the sufficiency of the evidence had not been considered on the former appeal, we could not consider it here. It is well settled that equity will not afford relief against a judgment for lack or insufficiency of evidence to support it. May v. Credit Industrial Company, 271 Ala. 298, 123 So.2d 114.

The aspect of the amended bill seeking to enjoin the collection of the judgment appears to us to be merely an earnest effort by complainants to obtain a new trial of the issues which were decided in the action at law. It is our opinion that the averments of the bill fail to show that complainants are entitled to another trial of that action. Since they are not entitled to another trial and the judgment appears to be valid and enforceable, we see no reason to enjoin its collection. As a result, we are of opinion that no error has been shown in the decree appealed from and that it is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.