EMBRY, Justice.
On this appeal we must decide the question of whether a prior judgment in an action for trespass to lands, and the cutting of timber therefrom, will bar a subsequent action between the same parties to establish a boundary line. Under the prior case law we are compelled to hold the former judgment is not a bar to the latter action; and, accordingly, we reverse and remand.
A background of the essential facts will aid in understanding the controversy involved on this appeal. In December 1972, Burie and Helen Brewer, appellees and defendants in the instant case, filed an action against J. C. Du Boise, appellant here, claiming damages for trespass to certain described land because of the cutting of timber from, and the removal of a fence on, those lands. Du Boise answered by general denial, and thereafter, a jury verdict was rendered in favor of the Brewers for $2,000.
On August 11,1976, Du Boise commenced this action against the Brewers for a determination of a boundary line between their respective lands. The complaint charges there is an area in dispute consisting of a strip of land which is seventy-eight (78') feet in width which belongs to Du Boise and is also claimed by the Brewers without title or the right of possession.
The Brewers responded by filing a motion to dismiss, or in the alternative for summary judgment, based on Du Boise’s failure to assert this claim as a compulsory counterclaim, pursuant to Rule 13(a) of the Alabama Rules of Civil Procedure, in the former action. From the trial court’s order, dismissing this action with prejudice, Du Boise appeals.
In brief, the Brewers set out the same argument that was the basis of their motion to dismiss in the trial court. They contend the present action to establish a boundary line involving the same property flows from the same transaction and subject matter as their prior suit and should have been asserted as a compulsory counterclaim under Rules 13(a) and 13(f), ARCP.
*1087 It should be noted that ARCP became effective shortly after Du Boise filed his answer in the first suit. The Brewers rely on this fact to support their contention that Du Boise’s present action is barred by his failure to raise it in the earlier trial.
At first glance, it seems the applicability of Rule 13(a) will be dispositive of this appeal. However, after a careful review of the case law in this area, we hold the present action not barred and there is no need to address the issue of whether ARCP governed this proceeding.
In support of this holding is Dollar v. McKinney, 272 Ala. 667, 133 So.2d 673 (1961), where the factual setting is quite similar to the present case. There, we held that a judgment in favor of the plaintiff in a prior proceeding at law for money damages for trespass arising from the cutting of timber did not preclude a subsequent proceeding against that party, brought by the defending party in the prior action, to establish a boundary line.
In Dollar, we conceded that title and boundary could not be determined in an action for cutting timber. We said:
“ * * * In actions for trespass to realty and trespass to personalty, the gist of the action is the injury to the plaintiff’s possession, and possession, whether founded on a good or bad title, will support the action against a wrongdoer or stranger * * * ”
Further support is found in Alexander v. Smith, 203 Ala. 9, 81 So. 677 (1919), an action for the statutory penalty for cutting timber. This court commented:
“It is needless to say that this judgment is no bar to a real action or one in the nature thereof to try titles between these two claimants as to this strip of land.”
From these decisions, it is clear that a prior action for cutting timber, filed before adoption of ARCP, does not preclude this subsequent action to determine a boundary line. We conclude that, in this case, Du Boise’s claim is not barred by the Brewers’ prior judgment.
We do not address the applicability of ARCP to situations such as these in actions filed after the effective date of ARCP.
In the interest of bench and bar, we make this comment about ARCP. Rule 1(c) states: “These rules shall be construed to secure the just, speedy and inexpensive determination of every action.” In adhering to this mandate, it should be remembered that the procedural differences between law and equity have been abolished and there is only one form of action, known as a “civil action,” in which all claims between the parties should be litigated. This prevents a multiplicity of actions between the same parties which places a burden upon our judicial system.
For the reasons stated in this opinion, we reverse the judgment of dismissal and remand the action.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, JONES and ALMON, JJ., concur.