EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a conversion case.
After a nonjury trial, the circuit court expressly found that the defendant converted the Ford van in question on December 17, 1981, and a judgment was rendered *914 for the plaintiff for $3,500. The defendant appealed.
Because of the attendant ore tenus presumptions which are accorded to the factual findings of the trial court, we will primarily summarize only some pertinent portions of the evidence that tend to uphold those findings.
Roma Taylor was, and is, the registered owner of the 1975 Ford van in controversy, having purchased it in 1979. She authorized the defendant to trade the van for her in 1981. At that time she was the defendant’s girl friend. They were married in 1982.
Apparently, in April or May 1981, Houston Johnson traded a 1978 pickup truck to the defendant for that van and for the defendant’s motorcycle. The defendant delivered possession of the van and motorcycle to Johnson who gave possession of the pickup truck to the defendant. The defendant never gave any title to either the van or to the motorcycle to Johnson. Consequently, Johnson never presented the title of the pickup truck to the defendant. Title to the pickup truck was in Ford Motor Company, but Johnson testified that he could obtain title from them at any time upon request. The defendant has possessed the pickup truck since the trade. Johnson carried the van and the motorcycle to his home. The motorcycle was sold by Johnson after he rode it for several months.
Johnson sold the van to the plaintiff on June 27,1981, for $2,000, which was paid to Johnson at that time. The plaintiff was given a bill of sale to the van by Johnson. Both parties and also Johnson worked together at Bellefonte in Jackson County. The plaintiff testified that, before he traded with Johnson, he asked the defendant about the condition of the van. The defendant told him that it was in good shape. The defendant did not inform the plaintiff that Johnson did not have good title to the van. The parties had known each other for years and were close friends.
The plaintiff was given possession of the van in June 1981, when he purchased it from Johnson. For the following three months, he made extensive repairs to the vehicle and, for the next three months, he used it on workdays to transport for hire eight or nine co-workers from Athens to Bellefonte and return. The plaintiff received a warning ticket from a state trooper and he discussed the ticket with the defendant, who furnished to him a current sticker to place upon the license plate.
On December 17, 1981, the plaintiff had driven the van, accompanied by his riders, from Athens and left the van at his customary parking place at Bellefonte. At the end of their work shift, the van was missing. The plaintiff called the defendant that night and the defendant admitted that he had taken the van and offered to permit the plaintiff to use another of the defendant’s vans until the problem was settled. That conversation was denied by the defendant. Some pillows, raincoats and other personal property of the plaintiff and of his riders were in the van when it was taken and those personal effects were returned to the plaintiff by the defendant about a week later.
The defendant testified that the van just appeared on December 17 at one of the locations where he lived part-time, and that he did not know who brought it there but that it was not he. The defendant’s wife, the former Roma Taylor, swore that the van was still at their home at the time of the trial, that she was still the title holder of the van, that she had nothing to do with going and getting the van and bringing it to Gadsden from Bellefonte, that she does not know who did so, and that the defendant has told her that he did not get the van.
The plaintiff further testified that he was unaware of Roma Taylor’s title to the van until he had it traced through Montgomery after the van had been taken and that, at no time, did the defendant inform the plaintiff that the van belonged to her.
There was a conflict as to much of the above evidence.
The plaintiff contends that he was entitled to recover under the following statute: “Mere possession of a chattel, if without *915 title or wrongfully, will give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession.” § 6-5-261, Code of Ala. (1975).
That code section merely declares the common law principle that possession of personal property is evidence of title and that proof of possession in the plaintiff will sustain an action for trover and conversion as against a wrongdoer without title who converts or takes the chattel from the possessor. Arledge v. J.D. Pittman Tractor Co., Inc., 236 Ala. 131, 181 So. 91 (1938); Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339, on remand, 17 Ala.App. 34, 81 So. 342 (1919).
Perhaps the law in that respect was most clearly enunciated in the ancient decision of Lowremore v. Berry, 19 Ala. 130 (1851). It was a case for the conversion of a promissory note. The plaintiff had possessed the note but was not the owner of it. Our Supreme Court held:
“[I]t is contended, that as the note was not endorsed by the payee, the legal title is still in him; consequently that the plaintiff cannot recover, because he failed to show any legal title to the note. If the action had been founded on the note, this objection would have been fatal to the plaintiffs right to recover. But it is not. The gist of the action is the wrongful conversion, and we think the principle is well settled, that possession alone is sufficient evidence of title to enable the plaintiff to recover in an action of trover, against a wrong doer, although the title to the chattel may not be in the plaintiff, but in another; and if the defendant would protect himself by showing an outstanding title in another, he must connect himself with it, by showing that he acted under the authority of him who was in fact the owner. In the case of Joyce v. Dozier, 8 Port. 303, it was held that the mere prior possession was sufficient to sustain the action of detinue against a trespasser, and that he could not defend himself by showing an outstanding title in another, without in some manner connecting himself with such title. To the same effect is the case of Duncan v. Spear, 11 Wend. 54. We think the principle recognized by these eases is decisive to show that the plaintiff might have recovered, if he had satisfied the jury of his previous possession of the note, notwithstanding the legal title to the note, and the right to sue for the money due thereby, were shown to be in the payee.”
19 Ala. at 130-31. See also Dollar v. McKinney, 272 Ala. 667, 133 So.2d 673 (1961); Alabama Great Southern Railroad Co. v. Jones, 71 Ala. 487, 493 (1882); Restatement (Second) of Torts § 224(A).
Here, the plaintiff had absolute dominion over and control of the van for almost six months, which met the type and character of possession which is required by § 6-5-261, and Birmingham Southern R. Co. v. Goodwyn, supra. In applying the Lowremore case to the instant matter, the plaintiffs possession of the van was sufficient to enable the plaintiff to recover against the defendant although title to the van was in Roma Taylor, who was his girl friend on December 17, for there was no evidence that this defendant acted for her in taking the van on that date — indeed, they both denied that he so acted for her. The plaintiffs testimony that the defendant admitted to him that he had gotten the van sufficed as proof that the defendant converted the van on December 17. One of the methods by which a conversion may occur is when a defendant exercises dominion over personal property in exclusion or definance of the plaintiffs right of possession. Roebuck Auto Sales, Inc. v. Wallace, 293 Ala. 231, 301 So.2d 546 (1974).
When the evidence is ore tenus, the findings of a trial court based upon competent evidence are presumed to be correct and will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous and manifestly unjust. State v. St. Paul Fire & Marine Insurance Co., Inc., 431 So.2d 1237 (Ala.1983); Cash v. Mayo, 429 So.2d *916 1092 (Ala.Civ.App.1983). There was evidence before the trial court which supported its findings and its holding was neither palpably wrong nor clearly unjust.
We are required to affirm this judgment of the learned trial court under the evidence and the law. Because this case must be affirmed for the foregoing reasons, it is not essential that we determine the true ownership of the van. As between this plaintiff and this defendant it is immaterial that Roma Taylor had, and has, title to the van, for the plaintiff is, nevertheless, entitled to recover from the defendant.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.